**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| TUPPERWARE BRANDS CORPORATION, *et al.*,[1] | ) ) ) | Case No. 24-12156 (BLS) |
| Debtors. | ) ) ) ) | (Jointly Administered) |

**MOTION OF DEBTORS
FOR ENTRY OF AN ORDER
(I) DISMISSING THE CHAPTER 11 CASE
OF THE SWISS DEBTOR AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors" and each, a "Debtor") state as follows in support of this motion:[2]

**Relief Requested**

1. The Debtors seek entry of an order (the "Dismissal Order"), substantially in the form attached hereto as **Exhibit A**, (a) dismissing the chapter 11 case of Tupperware Products A.G. ("TPAG"), Case No. 24-12165 (BLS) (the "TPAG Chapter 11 Case") and (b) granting related relief:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tupperware Brands Corporation (2333); Dart Industries Inc. (5570); Deerfield Land Corporation (0323); Premiere Products, Inc. (4064); Tupperware Home Parties LLC (1671); Tupperware International Holdings Corporation (8983); Tupperware Products AG (6765); Tupperware Products, Inc. (8796); Tupperware U.S., Inc. (2010); and Tupperware Brands Latin America Holdings, L.L.C. (0264). The location of the Debtors' service address in these chapter 11 cases is: 14901 S Orange Blossom Trail, Orlando, FL 32837.

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Brian J. Fox, Chief Restructuring Officer of Tupperware Brands Corporation, in Support of the Chapter 11 Petitions and First Day Motions* [Docket No. 2] (the "First Day Declaration").

**Preliminary Statement**

2.      The Debtors, the ad hoc group of secured lenders (the "Ad Hoc Group"), and the Official Committee of Unsecured Creditors (the "Committee") have worked tirelessly to negotiate and document the terms of sale transactions (the "Sale Transactions") that will settle all litigation between the parties and pave the way to fully resolve these chapter 11 cases. Under the terms of the agreements and in exchange for a cash payment, forgiveness of a portion of the Debtors' secured debt, and the Buyer's assumption of certain liabilities, (i) a designee of the Ad Hoc Group (the "Buyer") will purchase the assets required to operate a going-concern business in the United States, Canada, Brazil, China, Korea, India, and Malaysia and (ii) certain of the prepetition secured lenders will each purchase a portion of the equity of the Debtors' operations in Mexico.[3] The Sale Transactions will preserve jobs, vendor relationships, and customer relationships.

3.      To close the negotiated Sale Transactions, the Debtors must dismiss the chapter 11 case of TPAG and are requesting authority to do so effective as of entry of the Dismissal Order.[4] TPAG commenced the TPAG Chapter 11 Case on September 17, 2024. On September 18, 2024, TPAG applied for a composition moratorium (the "Swiss Proceeding") with the District Court of Hochdorf in Switzerland (the "Swiss Court"), which the Swiss Court granted on September 25, 2024. Since then, the Swiss Proceeding and the TPAG Chapter 11 Case have run in parallel. Ensuring compliance with the requirements of both the Swiss Proceeding and the TPAG

---

[3]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration or the *Order (I) Approving the Bidding Procedures, (II) Approving the Form and Manner of Sale Notice, (III) Scheduling a Sale Hearing, (IV) Approving the Procedures for the Assumption and Assignment of Contracts, (V) Approving the Sale of the Debtors' Assets Free and Clear, and (VI) Granting Related Relief* [Docket No. 243] (the "Bidding Procedures Order") or the term sheet attached thereto as Exhibit 4, as applicable.

[4]    Dismissal of the TPAG Chapter 11 Case is a condition to closing the Sale Transaction.

Chapter 11 Case has required significant coordination between management and professionals in the United States and Switzerland.

4. Originally, the burden of managing parallel proceedings had sufficient potential benefits to justify the effort (and costs). At this juncture, however, continuing to maintain the Swiss Proceeding in parallel with the TPAG Chapter 11 Case unduly complicates both proceedings. Additionally, as the Debtors begin winding down their estates following closing of the Sale Transactions, the risk of conflicting obligations arising under U.S. and Swiss law increases. In short, maintaining the TPAG Chapter 11 Case presents a significant and unnecessary burden.

5. Dismissal of the TPAG Chapter 11 Case will not prejudice any party in interest or otherwise negatively affect the administration of the Debtors' estates. In light of the foregoing, TPAG voluntarily requests dismissal of the TPAG Chapter 11 Case on the terms set forth in the Dismissal Order.

## Jurisdiction and Venue

6. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. §1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot

enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7.Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.The statutory bases for the relief requested herein are sections 105(a), 305, 349, and 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>") and rules 1017, 2002, and 9013 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

### Basis for Relief

**A.Dismissal Is Warranted Under Section 305(a) of the Bankruptcy Code.**

9.Under subsection 305(a)(1) of the Bankruptcy Code, "[t]he court, after notice and a hearing, may dismiss a case . . . at any time if . . . the interests of creditors and the debtor would be better served by such dismissal or suspension . . . ." 11 U.S.C. § 305(a)(1). Dismissal under section 305 may be particularly appropriate when a foreign insolvency proceeding is pending, and a court faced with such a situation "must take into account concerns of comity and grant deference to the foreign proceeding." 2 COLLIER ON BANKRUPTCY ¶305.02[2][e]; *accord In re Northshore Mainland Servs., Inc.*, 537 B.R. 192, 207 (Bankr. D. Del. 2015) (quoting *In re Compania de Alimentos Fargo, S.A.*, 376 B.R. 427 (Bankr. S.D.N.Y. 2007) ("The Second Circuit . . . has frequently underscored the importance of judicial deference to foreign bankruptcy proceedings.")). Whether dismissal is appropriate under this provision is determined on a case-by-case basis and rests within the sound discretion of the bankruptcy court. *In re Northshore Mainland Servs., Inc.*, 537 B.R. 192, 203 (Bankr. D. Del. 2015); *In re Sky Grp. Int'l, Inc.*, 108 B.R. 86, 91 (Bankr. W.D. Pa. 1989).

10.Courts consider a non-exclusive list of factors to gauge whether dismissal is in the best interests of the debtor and creditors, including, *inter alia*: (i) the economy and efficiency of

administration; (ii) whether another forum is available to protect the interests of the parties, (iii) whether federal proceedings are necessary to reach a just and equitable solution, (iv) whether there is an alternative means of achieving an equitable distribution of assets; and (v) whether a non-federal insolvency has proceeded so far that it would be costly and time consuming to start afresh with a chapter 11 bankruptcy. *Id.* (citing *In re AMC Investors, LLC*, 406 B.R. 478, 488 (Bankr. D. Del. 2009)).

11. Dismissal of the TPAG Chapter 11 Case is warranted under section 305(a)(1). When TPAG commenced the TPAG Chapter 11 Case, the Swiss Proceeding was not yet open, and the path forward for the Debtors was uncertain. The protections and potential tools available in chapter 11 were worth the associated burdens. Now, the Swiss Proceeding is under way, and the Sale Transactions have been negotiated and are ready to close within days. TPAG does not require relief in the TPAG Chapter 11 Case. In fact, its pendency may give rise to conflicting duties under U.S. and Swiss law during the post-sale wind-down of the Debtors' estates.

12. The existence of a contemporaneous foreign proceeding such as the Swiss Proceeding is a quintessential reason for a federal bankruptcy court to dismiss a chapter 11 case pursuant to section 305(a)(1). The factors cited by the court in *Northshore Mainland* illustrate why. First, continuing to maintain parallel proceedings would not support economy or efficiency in administration: as long as the TPAG Chapter 11 Case continues, TPAG will be represented by two sets of attorneys in independent proceedings governed by different laws. Second, the Swiss Proceeding is well suited to protect the interests of key parties in interest to the TPAG Chapter 11 Case. The TPAG chapter 11 proceeding is not necessary to reach a just and equitable solution, and the Swiss Proceeding can resolve TPAG's insolvency without further involvement of a U.S.

bankruptcy court. Simply stated, dismissal of the TPAG Chapter 11 Case represents, and will effectuate, the most efficient and effective path forward for TPAG.

**B.    Dismissal is in the Best Interests of the Creditors and the Debtors' Estates.**

13.    Once a court determines that cause exists to dismiss a debtor's chapter 11 case, the court must then evaluate whether dismissal is in the best interests of the debtor's creditors and the estate. *See, e.g.*, *Rollex Corp. v. Associated Materials, Inc. (In re Superior Siding & Window, Inc.)*, 14 F.3d 240, 242 (4th Cir. 1994) ("Once 'cause' is established, a court is required to consider this second question of whether to dismiss . . . .").

14.    Courts have found that dismissal is in the "best interests of creditors" where an interested party, other than the debtor, supports the dismissal of the debtor's chapter 11 case. *See Camden Ordinance*, 245 B.R. at 798; *In re Mazzocone*, 183 B.R. 402, 414 (Bankr. ED. Pa. 1995), *aff'd*, 200 B.R. 568 (E.D. Pa. 1996) (explaining that factors weighed more heavily in favor of dismissal of chapter 11 case rather than conversion to chapter 7 where debtor and U.S. Trustee both favored dismissal). Here, as noted above, the Ad Hoc Group affirmatively supports dismissal of the TPAG Chapter 11 Case. Dismissal is also in the best interest of the Debtors' creditors and of the Debtors' estates where, as here, it will maximize the value of the estates. Continuing to maintain proceedings in both Switzerland and the United States needlessly increases administrative costs to the Debtors' estates without providing a corresponding benefit to any party in interest. The potential for conflict between the Swiss and U.S. legal schemes could also create substantial costs and impede the successful resolution of the other Debtors' chapter 11 cases.

15.    For these reasons, dismissal of the TPAG Chapter 11 Case is warranted.

## Notice

16.    The Debtors will provide notice of this Motion to Shorten Notice to the following parties or their counsel: (a) the U.S. Trustee; (b) counsel to the Ad Hoc Group; (c) counsel to the

Committee; (d) the agents under the Debtors' prepetition credit facilities; (e) the office of the attorney general for each of the states in which the Debtors operate; (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; (h) counsel to any other statutory committee appointed in these chapter 11 cases; (i) the United States Securities and Exchange Commission; (j) the United States Department of Justice; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.

17.     The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Debtors request entry of the Dismissal Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: October 28, 2024　　　　　　　*/s/Patrick J. Reilley*
Wilmington, Delaware　　　　　　　　Patrick J. Reilley (No. 4451)
　　　　　　　　　　　　　　　　　Stacy L. Newman (No. 5044)
　　　　　　　　　　　　　　　　　Michael E. Fitzpatrick (No. 6797)
　　　　　　　　　　　　　　　　　Jack M. Dougherty (No. 6784)
　　　　　　　　　　　　　　　　　**COLE SCHOTZ P.C.**
　　　　　　　　　　　　　　　　　500 Delaware Avenue, Suite 1410
　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　Telephone:(302) 652-3131
　　　　　　　　　　　　　　　　　Facsimile: (302) 652-3117
　　　　　　　　　　　　　　　　　Email:　preilley@coleschotz.com
　　　　　　　　　　　　　　　　　　　　　snewman@coleschotz.com
　　　　　　　　　　　　　　　　　　　　　mfitzpatrick@coleschotz.com
　　　　　　　　　　　　　　　　　　　　　jdougherty@coleschotz.com

　　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　　　Anup Sathy, P.C. (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　Spencer A. Winters, P.C. (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　Jeffrey T. Michalik (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　Gabriela Z. Hensley (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　**KIRKLAND & ELLIS LLP**
　　　　　　　　　　　　　　　　　**KIRKLAND & ELLIS INTERNATIONAL LLP**
　　　　　　　　　　　　　　　　　333 West Wolf Point Plaza
　　　　　　　　　　　　　　　　　Chicago, Illinois 60654
　　　　　　　　　　　　　　　　　Telephone:　(312) 862-2000
　　　　　　　　　　　　　　　　　Facsimile: (312) 862-2200
　　　　　　　　　　　　　　　　　Email:　anup.sathy@kirkland.com
　　　　　　　　　　　　　　　　　　　　　spencer.winters@kirkland.com
　　　　　　　　　　　　　　　　　　　　　jeff.michalik@kirkland.com
　　　　　　　　　　　　　　　　　　　　　gabriela.hensley@kirkland.com

　　　　　　　　　　　　　　　　　*Proposed Co-Counsel for the Debtors and Debtors in Possession*