**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TUPPERWARE BRANDS CORPORATION, *et al.*, | ) Case No. 24-12156 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**STATEMENT OF FINANCIAL AFFAIRS FOR**
**TUPPERWARE BRANDS CORPORATION**

**CASE NO. 24-12156**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TUPPERWARE BRANDS CORPORATION, *et al.*,[1] | ) Case No. 24-12156 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## GLOBAL NOTES, METHODOLOGY, AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### General

The above captioned debtors and debtors-in-possession (collectively, the "Debtors"),[2] the assistance of their proposed advisors, have filed their respective Schedules of Assets and Liabilities (the "Schedules") and the Statements of Financial Affairs (the "Statements") with the United States Bankruptcy Court for the District of Delaware (the "Court"), pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and rule 1007 of the Federal Rules of Bankruptcy Procedure.

These global notes, methodology, and specific disclosures regarding the Debtors' Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtors' Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), and they are not intended to be fully reconciled to the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' reasonable best efforts to report the assets

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tupperware Brands Corporation (2333); Dart Industries Inc. (5570); Deerfield Land Corporation (0323); Premiere Products, Inc. (4064); Tupperware Home Parties LLC (1671); Tupperware International Holdings Corporation (8983); Tupperware Products AG (6765); Tupperware Products, Inc. (8796); Tupperware U.S., Inc. (2010); and Tupperware Brands Latin America Holdings, L.L.C. (0264). The location of the Debtors' service address in these chapter 11 cases is: 14901 S Orange Blossom Trail, Orlando, FL 32837.

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Brian J. Fox, Chief Restructuring Officer of Tupperware Brands Corporation, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 2] (the "First Day Declaration"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

and liabilities of each Debtor on an unconsolidated basis. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date (as defined herein) or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time before the Petition Date.

In preparing the Schedules and Statements, the Debtors relied on information derived from their books and records that was available at the time of such preparation. Although the Debtors' have made reasonable effort to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information or discovery may result in material changes to these Schedules and Statements. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary and appropriate. The Debtors and their directors, managers, officers, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. In no event will the Debtors, their agents, or their advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential Claim (as defined herein) against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and Statements. Accordingly, the Schedules and Statements remain subject to further review and verification by the Debtors. The Debtors reserve their right to amend the Schedules and Statements from time to time as may be necessary or appropriate; *provided*, that the Debtors, their agents, and their advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided herein or to notify any third party should the information be updated, modified, revised, or recategorized, except as required by applicable law.

Steven Ramos, the Debtors' Vice President, Treasury, has signed each of the Schedules and Statements. Mr. Ramos is an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Ramos has relied upon the efforts, statements, advice, and representations of various personnel of the Debtors and advisors. Mr. Ramos has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

The Global Notes are in addition to any specific notes contained in any Debtors' Schedules or Statements. Furthermore, the fact that the Debtors have prepared Global Notes or specific notes with respect to any information in the Schedules and Statements and not to other information in

the Schedules and Statements should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Notes or specific notes to the rest of the Debtors' Schedules and Statements, as appropriate.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits or attachments.

## Global Notes and Overview of Methodology

1. **Description of Cases**. On September 17, 2024 (the "Petition Date"), Tupperware Brands Corporation and certain of its affiliates each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On September 18, 2024, Tupperware Brands Latin America Holdings, L.L.C. filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 20, 2024, the Court entered an order authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 under case number 24-12156 (BLS) [Docket No. 69]. On September 30, 2024, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors [Docket No. 106].

2. **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist. The Debtors reserve all rights to: (i) amend and/or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to amend the Schedules and Statements with respect to the description, designation, or Debtor against which any claim against a Debtor ("Claim") is asserted; (ii) dispute or otherwise assert offsets, setoffs, or other defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or (iv) object to the extent, validity, enforceability, priority, or avoidability of any Claim (regardless of whether such Claim is designated in the Schedules and Statements as "disputed," "contingent," or "unliquidated"). Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated," or a waiver of any right to later object to any Claim on any grounds. Listing a Claim does not constitute an admission of (a) liability or (b) amounts due or owed, if any, in each case, by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, any rights or Claims of the Debtors against any third party or issues involving substantive consolidation, defenses, statutory or equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

a) **Recharacterization**.  Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, and designate the Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

b) **Classifications**.  Listing (i) a Claim on Schedule D as "secured," (ii) a Claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to object to such Claim, recharacterize, or reclassify such Claim or contract. Moreover, although the Debtors may have scheduled Claims of various creditors as secured Claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken. Except as provided in an order of the Court, the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's Claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's Claim.

c) **Estimates and Assumptions**.  To prepare and file the Schedules and Statements as close to the Petition Date as possible, the Debtors were required to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from such estimates.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

d) **Causes of Action**.  Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their Causes of Action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets or avoid transfers.  The Debtors reserve all rights with respect to any Causes of Action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in

tort, in law or in equity, or pursuant to any other theory of law they may have (collectively, "Causes of Action"), and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such Claims, Causes of Action, or avoidance actions, or in any way prejudice or impair the assertion of such Claims or Causes of Action.

e)    **Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made diligent effort to attribute intellectual property to the rightful Debtor owner; however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

f)    **Insiders**.  As to each Debtor, an individual or entity is designated as an "insider" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtors; (d) relatives of the Debtors' directors, officers, or persons in control of the Debtors; and (e) Debtor and non-Debtor affiliates of the foregoing.

The listing or omission of a party as an "insider" for purposes of the Schedules and Statements is for informational purposes and is not intended to be, nor should it be, construed as an admission that those parties are insiders for purposes of section 101(31) of the Bankruptcy Code.  Information regarding the individuals or entities listed as insiders in the Schedules and Statements may not be used for: (a) the purposes of determining (i) control of the Debtors; (ii) the extent to which any individual or entity exercised management responsibilities or functions; (iii) corporate decision-making authority over the Debtors; or (iv) whether such individual or entity (or the Debtors) could successfully argue that they are not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (b) any other purpose. Furthermore, the listing or omission of a party as an "insider" for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, Claim, or defense, and all such rights, Claims, and defenses are hereby expressly reserved.

3. **Methodology**.

a)    **Confidential or Sensitive Information**.  There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to, among other things, the nature of an agreement between a Debtor and a third

party, local restrictions on disclosure, concerns about the confidential or commercially sensitive nature of certain information (*e.g.*, names and other information), or concerns for the privacy of the Debtors' creditors and clients. The alterations will be limited to only what is necessary to protect the Debtor or the applicable third party. The Debtors may also be authorized or required to redact certain information from the public record pursuant to orders of the Court authorizing the Debtors to redact, seal, or otherwise protect such information from public disclosure. All such redacted information shall be made available as directed by orders of the Court or to the individual client or creditor scheduled, as applicable.

b) **Net Book Value**. In certain instances, current market valuations for certain assets are neither maintained by, nor readily available to, the Debtors. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of September 28, 2024. Market values may vary, sometimes materially, from net book values. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain the current market valuations for all assets. Accordingly, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined or unknown where necessary.

In addition, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset. Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date.

c) **Payment of Prepetition Claims Pursuant to First Day Orders**. Following the Petition Date, the Court entered various orders authorizing the Debtors to pay, among other things, certain prepetition: (i) service fees and charges assessed by the Debtors' banks; (ii) insurance obligations; (iii) employee wages, salaries, and related items (including, but not limited to, employee benefit programs); (iv) taxes and assessments; (v) customer program obligations; and (vi) critical vendor obligations (collectively, the "First Day Orders"). As such, outstanding liabilities may have been reduced by any Court-approved postpetition payments made on prepetition payables. Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements, unless otherwise indicated. The Debtors reserve the right to update the Schedules and Statements to reflect payments made pursuant to an order of the Court (including the First Day Orders).

d) **Other Paid Claims**. To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable

by all parties, subject to any necessary Court approval. To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

e) **Property and Equipment**. Unless otherwise indicated, owned property and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. Any such leases are set forth in the Schedules and Statements. Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

f) **Inventory**. The Debtors' inventory is comprised of raw materials, work-in-process, and finished products and is stated at the lower of cost and net realizable value. The calculation of cost includes raw material and component part purchases, the cost to convert such raw materials and component part purchases to finished goods, the costs to bring the products to distribution centers, and warehousing and handling expenditures. Carrying values of inventory are analyzed and, to the extent that the cost of inventory exceeds the expected selling prices less reasonable costs to sell, provisions are made to reduce the carrying amount of the inventory. The Debtors review their inventory levels in order to identify slow-moving products and use product markdowns to sell such devices, as needed. Since the determination of net realizable value of inventory involves both estimation and judgment with regard to market values and reasonable costs to sell, differences in these estimates could result in ultimate valuations that differ from the recorded asset.

g) **Allocation of Liabilities**. The Debtors, in consultation with their advisors, have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard. The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

h) **Undetermined Amounts**. The description of an amount as "unknown," "undetermined," or "to be determined" is not intended to reflect upon the materiality of such amount.

i)      **Blank/Null Amounts**.  Any amount in the Current Value, Net Book Value or other value fields in the Schedules and Statements that is left blank or null is intended to reflect $0.

j)      **Totals**.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.  To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

k)      **Intercompany Receivables and Payables**.  Receivables and payables among the Debtors and among the Debtors and their non-Debtor affiliates are reported on Schedule A/B and Schedule E/F, respectively, per the Debtors' unaudited books and records.  The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission or conclusion of the Debtors regarding the allowance, classification, validity, or priority of such account or characterization of such balances as debt, equity, or otherwise.  For the avoidance of doubt, the Debtors reserve all rights, Claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany Claims, loans, and notes.

Without limiting the generality of the foregoing, certain intercompany receivables and payables among and between the Debtors have been consolidated and netted in the Debtors' books and records.  Such treatment is not, and should not be construed as, an admission of the amount and/or validity of any such intercompany receivables and payables or the validity of any netting or offset per the Debtors' books and records.  The Debtors take no position in these Schedules and Statements as to whether any such amounts would be allowed as a Claim or an interest, or not allowed at all.  The listing of these amounts is not necessarily indicative of the ultimate recovery, if any, on any intercompany asset account or the impairment or Claim status of any intercompany liability account.  The Debtors reserve all rights to later change the amounts, characterization, classification, categorization, or designation of intercompany accounts reported in the Schedules and Statements.

l)      **Excluded Assets and Liabilities**.  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including without limitation: accrued salaries; employee benefit accruals; customer rebate accruals; certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; certain deferred tax assets and liabilities; deferred revenue accounts; and certain other accrued liabilities.  In addition, and as set forth above, the Debtors may have excluded amounts for which the Debtors have paid or have been granted authority to pay pursuant to the First Day Orders or other order that may be entered by the Court.  Additionally, certain immaterial or de minimis assets and liabilities may have been excluded.

m) **Liens**.  The inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment.

n) **Currency and Balances and Amounts Denominated in Foreign Currencies**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.  Certain Debtors primarily transact in foreign currencies consistent with their country of domicile.  Such balances and amounts have been converted to U.S. Dollars for purposes of the Schedules and Statements based on the average exchange rates for the period (for amounts related to activities) and the existing exchange rates at period end (for all balances).  Accordingly, the actual amounts, if any, of settled or allowed claims could differ from the amounts presented in the Schedules and Statements.

o) **Setoffs**.  The Debtors may incur certain setoffs and other similar rights during the ordinary course of business.  Offsets in the ordinary course can result from various items, including, without limitation, loan transactions, intercompany transactions, counterparty settlements, pricing discrepancies, credits, rebates, returns, warranties, and other disputes between the Debtors and their customers and/or suppliers.  These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules.

p) **Executory Contracts**.  Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so.  Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

In addition, although the Debtors made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence of any claim held by any counterparty to such contract or lease. Furthermore, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over inclusion may have occurred.

q) **Umbrella or Master Agreements**.  Contracts and leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors.  Where relevant, such agreements have been listed in the Schedules and Statements only for the Debtor entity that signed the original umbrella or master agreement.  Other Debtors, however, may be liable together with such Debtor on account of such agreements and the Debtors reserve all rights

to amend the Schedules to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate. The master service agreements have been listed in Schedule G, but do not reflect any decision by the Debtor as to whether or not such agreements are executory in nature.

r) **Credits and Adjustments**. The Claims of individual creditors for, among other things, goods, products, services, or taxes are listed in the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and vendor payments, if applicable. The Debtors reserve all of their rights with regard to such credits, allowances, or other adjustments, including, but not limited to, the right to modify the Schedules, assert Claims objections and/or setoffs with respect to the same, or apply such allowances in the ordinary course of business on a postpetition basis.

## Specific Statement Disclosures

**Part 12: Details About Environmental Information**.

- *Question 23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?*

  o Dart Industries, Inc. ("Dart") is responsible for the cleanup, monitoring and testing of soil and groundwater impacts at the former Dartco Manufacturing facility in Neshanic Station, New Jersey. Dart intends to donate the excess land surrounding the former main plant parcel to the local municipality (Branchburg Township). The former manufacturing site has been subject to remedial investigations and remediation since the late 1980s pursuant to the New Jersey Industrial Site Recovery Act, a program under the oversight of the New Jersey Department of Environmental Protection Agency, and the site is currently undergoing confirmatory monitoring for completion of groundwater remediation. Most recently, the Company proposed to install a new potable well at a nearby vacant private property (the "Kim Property"), and to convert the existing potable well (equipped with a carbon treatment system) at the Kim Property to a monitoring well for confirmatory sampling. The Company is indemnified by Kraft Foods, Inc. for 50% of the costs associated with the Neshanic Station, New Jersey matter.

  o Dart has been named as a potentially responsible party at the following locations. Dart is indemnified by Kraft Foods, Inc. for certain liabilities related to the locations.

    - The Bay Drum Site in Tampa, FL

    - The Combe Fill Site in Mt. Olive, NJ

- ▪ The Old Southington Landfill Site in Southington, CT

- ▪ The Re-Solve, Inc. Site in North Dartmouth, MA

- ▪ The Rexall Drug Site in Northridge, CA

- ▪ The Solvent Recovery Service Site in Southington, CT

- *Question 24. Has the debtor notified any governmental unit of any release of hazardous material?*

  - In February 2017, approximately 600-750 gallons of diesel fuel was released from an aboveground fuel tank associated with an emergency generator outside of Tupperware Brands Corporation's (the "Company") former information technology building located on a parcel adjacent to the Company's facility at 14901 South Orange Blossom Trail, Orlando, FL. The Florida Department of Environmental Protection ("FLDEP") and Orange County (as administrator of the FLDEP Petroleum Restoration Program for Osceola County) were notified of the release, and a remediation contractor was engaged to clean up the spill. In August 2018, a second release of approximately 300 gallons of diesel fuel occurred from the same storage tank. The FLDEP and Orange County were notified of the second spill, and Orange County required that a site assessment be performed to determine the extent of the fuel impact on the soil and groundwater near the building. Soil impacts were remediated pursuant to a remediation plan approved by FLDEP in September 2023, and the project is in a monitoring phase. The parcel of land on which the information technology building was located was sold to O'Connor Capital in 2021, but the Company retained a contractual obligation to complete remediation associated with the spill and to obtain a No Further Action Letter, or its equivalent, from FLDEP. Provided no contaminants are detected in excess of legally acceptable limits, it is anticipated that a No Further Action Letter, or its equivalent, could be obtained from FLDEP by the end of 2024. O'Connor Capital demolished the information technology building and removed the aboveground storage tank in May 2023. In February 2024, Orange County notified the Company that the storage tank was removed without the required prior notification to FLDEP and that a closure report was required to be filed. The Company believes that O'Connor Capital is responsible for providing a closure report to FLDEP and resolution of this matter.

Debtor    Tupperware Brands Corporation

United States Bankruptcy Court for the:    District of Delaware

Case number    24-12156
(if known)

☐ Check if this is an
amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages,
write the debtor's name and case number (if known).

| Part 1: | Income |
|---|---|

**1. Gross revenue from business**

☑ None

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected
from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|---|
| FROM THE BEGINNING OF THE FISCAL YEAR TO FILING DATE: | From 1/1/2024 | To 9/17/2024 | COMMISSION | $62,000.00 |
| FROM THE BEGINNING OF THE FISCAL YEAR TO FILING DATE: | From 1/1/2024 | To 9/17/2024 | EXPENSES | $1,441,629,000.00 |
| FOR PRIOR YEAR: | From 1/1/2023 | To 12/31/2023 | INTEREST | $6,239,000.00 |
| FOR THE YEAR BEFORE THAT: | From 1/1/2022 | To 12/31/2022 | INTEREST | $9,645,000.00 |

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days
before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted
on 4/1/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|
| RUMBERGER KIRK AND CALDWELL PA<br>PO BOX 1873<br>ORLANDO, FL 32802 | 08/19/2024 | $35,000.00 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other |
| **TOTAL FOR RUMBERGER KIRK AND CALDWELL PA** | | **$35,000.00** | |
| **GRAND TOTAL:** | | **$35,000.00** | |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/1/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates ; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

## Part 3: Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| CHRISTINA INGELS, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO LITA A. LAWRENCE, DECEASED; RICHARD LAWRENCE AND SCOTT LAWRENCE VS. BWDAC, INC., ET AL.<br>**Case number**<br>CGC-24-277251 | ASBESTOS CASE INDEMNIFIED BY MONDELEZ | SAN FRANCISCO COUNTY SUPERIOR COURT 400 MCALLISTER ST SAN FRANCISCO, CA 94102 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| DIESEL FUEL SPILL ON TW CAMPUS<br>**Case number** | TAX / REGULATORY / ADMIN | FLORIDA DEP & ORANGE COUNTY DEP 3319 MAGUIRE BLVD ORLANDO, FL 32803 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| EDGE VS. TUPPERWARE BRANDS CORPORATION, ET AL.<br>**Case number**<br>6:22-CV-1518-RBD-LHP | FEDERAL SECURITIES CASES / SHAREHOLDER CASES | US DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA 801 N FLORIDA AVE TAMPA, FL 33602 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| EDGE VS. TUPPERWARE BRANDS CORPORATION, ET AL.<br>**Case number**<br>1:22-CV-04976 | FEDERAL SECURITIES CASES / SHAREHOLDER CASES | US DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA 801 N FLORIDA AVE TAMPA, FL 33602 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| HELEN DEAS VS. TUPPERWARE BRANDS CORPORATION<br>**Case number**<br>WCC FILE: 2404023<br>CARRIER FILE: 363692010<br>CARRIER CODE: 01055 | LABOR / EMPLOYMENT | SOUTH CAROLINA WORKER'S COMPENSATION COMMISSION, MEDICARE 1333 MAIN ST, STE 500 PO BOX 1715 COLUMBIA, SC | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| HENDERSON, KARL VS. ADVANCE AUTO PARTS INC.<br><br>**Case number**<br>10-L-1062 | ASBESTOS CASE INDEMNIFIED BY MONDELEZ | MADISON COUNTY CIRCUIT COURT, ILLINOIS<br>155 N MAIN ST<br>EDWARDSVILLE, IL 62025 | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| JAMES B. MCKENNA VS. TUPPERWARE BRANDS CORPORATION ET AL. (HARRIS, O'LEARY, ELLINGER, FORDYCE, SZOSTAK, CROFTON, FERNANDEZ, HARBOUR, GOUDIS, RILEY, CAMERON, MINGES)<br><br>**Case number**<br>2022-CA-007103 | FEDERAL SECURITIES CASES / SHAREHOLDER CASES | 9TH JUDICIAL DISTRICT CIRCUIT IN AND FOR ORANGE COUNTY, FL SUPERIOR COURTS<br>425 N ORANGE AVE<br>ORLANDO, FL 32801 | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| KARL HENDERSON/MARGARET HENDERSON<br><br>**Case number**<br>12-L-2007 | ASBESTOS CASE INDEMNIFIED BY MONDELEZ | MADISON COUNTY CIRCUIT COURT, ILLINOIS<br>155 N MAIN ST<br>EDWARDSVILLE, IL 62025 | ☐ Pending<br>☐ On appeal<br>☒ Concluded |
| KAROL A. MATTHEWS VS. AVON PRODUCTS, INC., ET AL.<br><br>**Case number**<br>23CV045781 | ASBESTOS CASE INDEMNIFIED BY MONDELEZ | ALAMADA COUNTY SUPERIOR COURT, CALIFORNIA<br>2233 SHORE LINE DR<br>ALAMEDA, CA 94501 | ☐ Pending<br>☐ On appeal<br>☒ Concluded |
| LOWELL E. DECKER<br><br>**Case number**<br>1122-CC00581 | ASBESTOS CASE INDEMNIFIED BY MONDELEZ | CITY OF ST. LOUIS, 22ND JUDICIAL CIRCUIT DIVISION<br>10 N TUCKER BLVD<br>ST LOUIS, MO 63101 | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| NEUBAUER VS. TUPPERWARE BRANDS CORPORATION<br><br>**Case number**<br>BENEFITS CASE ID: 25688764 | ACCIDENT / PERSONAL INJURY | HEALTH INSURANCE (CIGNA & MERCER) | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| OURANITSAS VS. TUPPERWARE BRANDS CORPORATION, ET AL. (FERNANDEZ, HARRIS, MATUTE)<br><br>**Case number**<br>6:23-CV-0051 | FEDERAL SECURITIES CASES / SHAREHOLDER CASES | US DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA<br>801 N FLORIDA AVE<br>TAMPA, FL 33602 | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| PHYLLIS M. BERNARDINI/EUGENE A. BERNARDINI<br><br>**Case number**<br>1013507 | ASBESTOS CASE INDEMNIFIED BY MONDELEZ | MADISON COUNTY CIRCUIT COURT, ILLINOIS<br>155 N MAIN ST<br>EDWARDSVILLE, IL 62025 | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| ROBERT PACHECO, TODD BRADRICK, LOUIS VALLEE AND JOANNA HUGHES VS. PATRICIAT STITZEL ET AL. (O'LEARY, HARRIS, POTESHMAN, BERTINI, CAMERON, MONTEIRO DE CASTRO, CLONINGER, CROFTON, GOINGS, MARTINEZ, PARKER, RILEY, ROCHE, SZOSTAK, TUPPERWARE BRANDS CORPORATIO<br><br>**Case number**<br>6:20-CV-00908-GAP-RMN | FEDERAL SECURITIES CASES / SHAREHOLDER CASES | US DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA<br>801 N FLORIDA AVE<br>TAMPA, FL 33602 | ☐ Pending<br>☐ On appeal<br>☒ Concluded |
| RUTH E. DAVIS SHAREHOLDER DEMAND<br><br>**Case number** | FEDERAL SECURITIES CASES / SHAREHOLDER CASES | BOOKS AND RECORD DEMAND | ☒ Pending<br>☐ On appeal<br>☐ Concluded |

| Case title | Nature of case | Court or agency's name and address | Status of case |
|------------|----------------|-----------------------------------|----------------|
| SRIKALAHASTI M. VAGVALA VS. TUPPERWARE BRANDS CORPORATION ET AL. (STITZEL, HARRIS, POTESHMAN, GOINGS, GARCIA RANGEL)<br><br>**Case number**<br>6:20-CV-00357-GAP-GJK<br><br>22-10658 | FEDERAL SECURITIES CASES / SHAREHOLDER CASES | US DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA 801 N FLORIDA AVE TAMPA, FL 33602 | ☐ Pending<br>☒ On appeal<br>☐ Concluded |
| TIM WILLIAMS AND DEBORAH WILLIAMS VS. GENERAL ELECTRIC CO., ET AL.<br><br>**Case number**<br>24-LA-0388 | ASBESTOS CASE INDEMNIFIED BY MONDELEZ | ST. CLAIR COUNTY, STATE OF ILLINOIS, CIRCUIT COURT 10 PUBLIC SQ BELLEVILLE, IL 62220 | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| WILSON VS. TUPPERWARE BRANDS CORPORATION, ET AL.<br><br>**Case number**<br>6:24-CV-00109 | FEDERAL SECURITIES CASES / SHAREHOLDER CASES | US DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA 801 N FLORIDA AVE TAMPA, FL 33602 | ☒ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

   ☒ None

---

## Part 4: Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

   ☐ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|------------------------------|-------------------------------------------|-------------|-------|
| TUPPERWARE CHARITABLE FOUNDATION 14901 S ORANGE BLOSSOM TRL ORLANDO, FL 32837-6600<br><br>**Recipient's relationship to debtor**<br>NONPROFIT ARM | GRANTS TO SUPPORT WORLD CENTRAL KITCHEN, AMERICAN RED CROSS, AND THE NATIONAL PARKS FOUNDATION | 3/16/2022 | $1,000,000.00 |
| TUPPERWARE CHARITABLE FOUNDATION 14901 S ORANGE BLOSSOM TRL ORLANDO, FL 32837-6600<br><br>**Recipient's relationship to debtor**<br>NONPROFIT ARM | GRANTS TO SUPPORT WORLD CENTRAL KITCHEN, AMERICAN RED CROSS, AND THE NATIONAL PARKS FOUNDATION | 9/26/2022 | $600,000.00 |

---

## Part 5: Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

    ☒ None

---

## Part 6: Certain Payments or Transfers

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

    ☒ None

---

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

---

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.

Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

---

| Part 7: | Previous Locations |
|---|---|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

---

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for :

—   diagnosing or treating injury, deformity, or disease, or

—   providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

---

| Part 9: | Personal Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☑ Yes. State the nature of the information collected and retained.      First Name, Last Name, email address, phone number, mailing address, Date of Birth, Order history, Tax identification numbers, Social Security, IP address, Government Identification numbers, Banking Information

       Does the debtor have a privacy policy about that information?

         ☐ No

         ☑ Yes

---

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

☑ Yes. Does the debtor serve as plan administrator?

       ☐ No.

       ☑ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| TUPPERWARE BRANDS CORPORATION BASE RETIREMENT PLAN | 36-4062333 |

       Has the plan been terminated?

       ☑ No

       ☐ Yes

| | |
|---|---|
| TUPPERWARE BRANDS CORPORATION RETIREMENT SAVINGS PLAN | 36-4062333 |

       Has the plan been terminated?

       ☑ No

       ☐ Yes

---

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name , or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
| --- | --- | --- | --- |
| IRON MOUNTAIN<br>3600 SHADER RD.<br>ORLANDO, FL  32808 | TAYLOR ROSS<br>ORLANDO, FL | BOOKS & RECORDS | ☐ No<br>☑ Yes |

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

## Part 12: Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes.  Provide details below.

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes.  Provide details below.

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☐ No
☑ Yes.  Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
| --- | --- | --- | --- |
| INFORMATION TECHNOLOGY BUILDING<br>14901 SOUTH ORANGE BLOSSOM TRAIL<br>ORLANDO, FL  32839 | FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION<br>3900 COMMONWEALTH BLVD<br>TALLAHASSEE, FL  32399 | PETROLEUM CLEAN-UP | FEB 2017 |
| ☐ | | | |

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| INFORMATION TECHNOLOGY BUILDING 14901 SOUTH ORANGE BLOSSOM TRAIL ORLANDO, FL 32839 ☐ | ORANGE COUNTY AS ADMINISTRATOR OF THE PETROLEUM RESTORATION PROGRAM DOWNTOWN SERVICE CENTER 1300 WEST GREGORY STREET PENSACOLA, FL 32502 | PETROLEUM CLEAN-UP | FEB 2017 |
| INFORMATION TECHNOLOGY BUILDING 14901 SOUTH ORANGE BLOSSOM TRAIL ORLANDO, FL 32839 ☐ | FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION 3900 COMMONWEALTH BLVD TALLAHASSEE, FL 32399 | PETROLEUM CLEAN-UP | AUG 2018 |
| INFORMATION TECHNOLOGY BUILDING 14901 SOUTH ORANGE BLOSSOM TRAIL ORLANDO, FL 32839 ☐ | ORANGE COUNTY AS ADMINISTRATOR OF THE PETROLEUM RESTORATION PROGRAM DOWNTOWN SERVICE CENTER 1300 WEST GREGORY STREET PENSACOLA, FL 32502 | PETROLEUM CLEAN-UP | AUG 2018 |

**Part 13:**   **Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
    List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
    Include this information even if already listed in the Schedules.

☐ None

| Business name and address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| DART INDUSTRIES INC. 14901 S. ORANGE BLOSSOM TRAIL ORLANDO, FL 32837 | | 36-4062333 **Date business existed** From:            To: |
| INTERNATIONAL INVESTORS, INC. 14901 S. ORANGE BLOSSOM TRAIL ORLANDO, FL 32837 | | 36-4062333 **Date business existed** From:            To: |
| LATIN AMERICA INVESTMENTS, INC. 14901 S. ORANGE BLOSSOM TRAIL ORLANDO, FL 32837 | | 36-4062333 **Date business existed** From:            To: |
| PREMIERE SERVICIOS DE ADMINISTRACION S. DE R.L. DE C.V. 14901 S. ORANGE BLOSSOM TRAIL ORLANDO, FL 32837 | | 36-4062333 **Date business existed** From:            To: |
| TUPPERWARE BRANDS (THAILAND) LIMITED 14901 S. ORANGE BLOSSOM TRAIL ORLANDO, FL 32837 | | 36-4062333 **Date business existed** From:            To: |
| TUPPERWARE DEL ECUADOR CIA LTDA. 14901 S. ORANGE BLOSSOM TRAIL ORLANDO, FL 32837 | | 36-4062333 **Date business existed** From:            To: |
| TUPPERWARE FINANCE HOLDING COMPANY BV 14901 S. ORANGE BLOSSOM TRAIL ORLANDO, FL 32837 | | 36-4062333 **Date business existed** From:            To: |
| TUPPERWARE HOME PARTIES, LLC 14901 S. ORANGE BLOSSOM TRAIL ORLANDO, FL 32837 | | 36-4062333 **Date business existed** From:            To: |

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
| --- | --- | --- |

## 26. Books, records, and financial statements

26a.  List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service | |
| --- | --- | --- |
| MADELINE OTERO<br>ADDRESS ON FILE | From 9/17/2022 | To 10/13/2023 |
| MARIELA MATUTE CHERNEFF<br>ADDRESS ON FILE | From 9/17/2022 | To 7/31/2024 |
| MICHAEL WINTERSCHEIDT<br>14901 S. ORANGE BLOSSOM TRAIL<br>ORLANDO, FL 32837 | From 9/21/2023 | To PRESENT |
| SOFIA CHERNYLO<br>14901 S. ORANGE BLOSSOM TRAIL<br>ORLANDO, FL 32837 | From 8/1/2024 | To PRESENT |

26b.  List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service | |
| --- | --- | --- |
| KPMG LLP<br>OFFICE OF GENERAL COUNSEL<br>19TH FLOOR<br>560 LEXINGTON AVE.<br>NEW YORK, NY 10022 | From 1/24/2024 | To PRESENT |
| PRICEWATERHOUSECOOPERS LLC<br>4040 W BOY SCOUT BLVD<br>TAMPA, FL 33607 | From 9/17/2022 | To 10/24/2023 |

26c.  List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed .

☐ None

| Name and address | If any books of account and records are<br>unavailable, explain why |
| --- | --- |
| MICHAEL WINTERSCHEIDT<br>14901 S. ORANGE BLOSSOM TRAIL<br>ORLANDO, FL 32837 | |
| SOFIA CHERNYLO<br>14901 S. ORANGE BLOSSOM TRAIL<br>ORLANDO, FL 32837 | |

26d.  List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
| --- |
| BANCO COMERCIAL PORTUGUES, S.A.<br>MILLENNIUM BCP<br>PRACA DOM JOAO I<br>PORTO 28 4000-295<br>PORTUGAL |
| CITIBANK, N.A.<br>388 GREENWICH ST<br>NEW YORK, NY 10013-2362 |
| CONFIDENTIAL SALE PARTIES – NAMES ON FILE<br>ADDRESSES ON FILE |
| JPMORGAN CHASE BANK, N.A<br>383 MADISON AVE<br>NEW YORK, NY 10179-0001 |
| KEYBANK N.A<br>127 PUBLIC SQ, STE 5600<br>CLEVELAND, OH 44114-1226 |

| Name and address |
|------------------|
| KEYBANK N.A<br>4910 TIEDMAN ROAD<br>BROOKLYN, OH 44144 |
| TRUIST FINANCIAL CORPORATION<br>214 N. TRYON ST. FL 46<br>CHARLOTTE, NC 28202 |
| TRUIST FINANCIAL CORPORATION<br>303 PEACHTREE STREET<br>30TH FL<br>ATLANTA, GA 30303 |
| UBS GROUP AG<br>600 WASHINGTON BLVD<br>STAMFORD, CT 06901-3726 |
| WELLS FARGO BANK N.A<br>420 MONTGOMERY ST<br>SAN FRANCISCO, CA 94104 |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ None

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

☐ None

| Name | Address | Position and nature of any interest | % of interest, if any |
|------|---------|-------------------------------------|-----------------------|
| BARCLAYS PLC | 1 CHURCHILL PLACE<br>CANARY WHARF, LONDON E14 5HP<br>UNITED KINGDOM | SHAREHOLDER | 7.78% |
| CHRISTOPHER D. O'LEARY | 14901 S. ORANGE BLOSSOM TRAIL<br>ORLANDO, FL 32837 | DIRECTOR | |
| JAMES HUGHES | 14901 S. ORANGE BLOSSOM TRAIL<br>ORLANDO, FL 32837 | EVP CHIEF PEOPLE OFFICER | |
| KAREN M. SHEEHAN | 14901 S. ORANGE BLOSSOM TRAIL<br>ORLANDO, FL 32837 | EVP, CLO & SECRETARY | |
| LAURIE ANN GOLDMAN | 14901 S. ORANGE BLOSSOM TRAIL<br>ORLANDO, FL 32837 | DIRECTOR, PRESIDENT & CEO | |
| LORI HERMELIN BUSH | 14901 S. ORANGE BLOSSOM TRAIL<br>ORLANDO, FL 32837 | DIRECTOR | |
| M. ANNE SZOSTAK | 14901 S. ORANGE BLOSSOM TRAIL<br>ORLANDO, FL 32837 | DIRECTOR | |
| MARTIN SAMBADE | 14901 S. ORANGE BLOSSOM TRAIL<br>ORLANDO, FL 32837 | SVP, CHIEF INFORMATION OFFICER | |
| PAMELA J. HARBOUR | 14901 S. ORANGE BLOSSOM TRAIL<br>ORLANDO, FL 32837 | DIRECTOR | |
| PAUL ARONZON | 14901 S. ORANGE BLOSSOM TRAIL<br>ORLANDO, FL 32837 | DIRECTOR | |
| PAUL KEGLEVIC | 14901 S. ORANGE BLOSSOM TRAIL<br>ORLANDO, FL 32837 | DIRECTOR | |
| RICHARD T. RILEY | 14901 S. ORANGE BLOSSOM TRAIL<br>ORLANDO, FL 32837 | DIRECTOR | |
| SAMANTHA LOMOW | 14901 S. ORANGE BLOSSOM TRAIL<br>ORLANDO, FL 32837 | EVP, CHIEF COMMERCIAL OFFICER | |
| STEVEN RAMOS | 14901 S. ORANGE BLOSSOM TRAIL<br>ORLANDO, FL 32837 | TREASURER | |
| SUSAN M. CAMERON | 14901 S. ORANGE BLOSSOM TRAIL<br>ORLANDO, FL 32837 | DIRECTOR (CHAIR) | |
| TIMOTHY E. MINGES | 14901 S. ORANGE BLOSSOM TRAIL<br>ORLANDO, FL 32837 | DIRECTOR | |
| TODD GREENER | 14901 S. ORANGE BLOSSOM TRAIL<br>ORLANDO, FL 32837 | EVP, SUPPLY CHAIN | |
| WILLIAM TRANSIER | 14901 S. ORANGE BLOSSOM TRAIL<br>ORLANDO, FL 32837 | DIRECTOR | |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ None

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| PATRICK BAUMAN | 14901 S. ORANGE BLOSSOM TRAIL ORLANDO, FL 32837 | TREASURER | From 12/6/2021 To 9/29/2023 |
| DEBORAH ELLINGER | 14901 S. ORANGE BLOSSOM TRAIL ORLANDO, FL 32837 | DIRECTOR | From 3/10/2021 To 10/16/2023 |
| JAMES FORDYCE | 14901 S. ORANGE BLOSSOM TRAIL ORLANDO, FL 32837 | DIRECTOR | From 3/10/2021 To 10/16/2023 |
| MARK BURGESS | 14901 S. ORANGE BLOSSOM TRAIL ORLANDO, FL 32837 | DIRECTOR | From 8/4/2022 To 10/16/2023 |
| MEG CROFTON | 14901 S. ORANGE BLOSSOM TRAIL ORLANDO, FL 32837 | DIRECTOR | From 1/25/2016 To 10/16/2023 |
| MIGUEL FERNANDEZ | 14901 S. ORANGE BLOSSOM TRAIL ORLANDO, FL 32837 | DIRECTOR, CEO & PRESIDENT | From 4/6/2020 To 10/16/2023 |
| RICHARD GOUDIS | 14901 S. ORANGE BLOSSOM TRAIL ORLANDO, FL 32837 | DIRECTOR | From 3/12/2020 To 10/17/2023 |
| JIM VAN INGEN | 14901 S. ORANGE BLOSSOM TRAIL ORLANDO, FL 32837 | SVP | From 7/11/2022 To 1/1/2024 |
| HECTOR LEZAMA | 14901 S. ORANGE BLOSSOM TRAIL ORLANDO, FL 32837 | SVP | From 4/6/2020 To 1/19/2024 |
| DENISE NOVEY | 14901 S. ORANGE BLOSSOM TRAIL ORLANDO, FL 32837 | CAO | From 9/30/2019 To 4/12/2024 |
| MARIELA MATUTE | 14901 S. ORANGE BLOSSOM TRAIL ORLANDO, FL 32837 | CFO | From 5/24/2022 To 8/1/2024 |

**30. Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ None

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ None

| Name of the parent corporation | Employer identification number of the parent corporation. |
|---|---|
| TUPPERWARE BRANDS CORPORATION | 36-4062333 |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☐ None

| Name of the pension fund | Employer identification number of the pension fund. |
|---|---|
| TUPPERWARE BRANDS CORPORATION BASE RETIREMENT PLAN | 36-4062333 |
| TUPPERWARE BRANDS CORPORATION RETIREMENT SAVINGS PLAN | 36-4062333 |

| Part 14: | Signature and Declaration |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/05/2024.

✖ /s/ Steven M. Ramos                                          Steven M. Ramos

Signature of individual signing on behalf of the debtor        Printed Name

VP, Treasury

Position or relationship to debtor

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No

☒ Yes