## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TUPPERWARE BRANDS CORPORATION, *et al.*,[1] | ) Case No. 24-12156 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Obj. Deadline: January 28, 2025, at 4:00 p.m. (ET)** |
| | ) **Hearing Date: February 4, 2025, at 10:00 a.m. (ET)** |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) DIRECTING THE UNITED STATES TRUSTEE TO APPOINT A COMMITTEE OF RETIRED EMPLOYEES OF TUPPERWARE BRANDS CORPORATION AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:[2]

**Preliminary Statement**

1. On November 27, 2024, the Debtors closed the sale of substantially all their assets to Party Products LLC and certain of its affiliates (as designee of the Debtors' secured lenders) ("NewCo"). Following the closing, the Debtors are winding down their estates and do not have an operating business.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tupperware Brands Corporation (2333); Dart Industries Inc. (5570); Deerfield Land Corporation (0323); Premiere Products, Inc. (4064); Tupperware Home Parties LLC (1671); Tupperware International Holdings Corporation (8983); Tupperware Products, Inc. (8796); Tupperware U.S., Inc. (2010); and Tupperware Brands Latin America Holdings, L.L.C. (0264). The location of the Debtors' service address in these chapter 11 cases is: 14901 S Orange Blossom Trail, Orlando, FL 32837.

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Brian J. Fox, Chief Restructuring Officer of Tupperware Brands Corporation, in Support of the Chapter 11 Petitions and First Day Motions* [Docket No. 2] (the "First Day Declaration"). Capitalized terms used but not defined in this motion have the meanings ascribed to them in the First Day Declaration.

2.     Historically, the Debtors provided benefits to certain retirees. For a small group of these retirees, the benefits were provided under the Debtors' active employee plans such that those benefits expired on December 31, 2024 with the expiration of the Debtors' active benefit plans. Separately, the Debtors maintain one retiree-specific plan that provides certain health-related reimbursements to approximately 250 retirees. Outside of bankruptcy, this retiree plan is terminable unilaterally by the Debtors.

3.     For the last several weeks, the Debtors have explored their options with respect to each of these benefits programs. Ultimately, it is unavoidable that the remaining program will be terminated, whether inside or outside of chapter 11. Under Third Circuit law, certain parties may argue that this requires appointment of a retiree committee. Therefore, to ensure maximum transparency and strict technical compliance with the Bankruptcy Code—and that the termination process does not jeopardize the Debtors' chapter 11 plan process, which will be difficult to achieve with the Debtors' liquidity—the Debtors are filing this motion out of an abundance of caution to start the section 1114 process, to the extent required.

## Relief Requested

4.     The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (a) to the extent required, directing the United States Trustee for the District of Delaware (the "U.S. Trustee") to appoint an official committee of retired employees of Debtor Tupperware Brands Corporation ("Tupperware") pursuant to section 1114 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and (b) granting related relief.

## Jurisdiction and Venue

5.     The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy

Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory bases for the relief requested herein are sections 105(a) and 1114 of the Bankruptcy Code.

**Background**

**A.    The Chapter 11 Cases.**

8. On September 17–18, 2024 (the "Petition Date"), Tupperware Brands Corporation and certain of its affiliates filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

9. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

10. On September 20, 2024, the Court entered an order authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  *See* Docket No. 69.

11. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. On September 30, 2024, the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases. *See* Docket No. 106.

12. As described more fully in the First Day Declaration, the Debtors commenced these chapter 11 cases to run an expedited bidding process and ultimately seek consummation of one or more value-maximizing sale transactions, with the goal of preserving, among other things, the Tupperware brand, businesses, and workforce to the greatest extent possible.

**B.    The Sale and the Debtors' Employees.**

13. On November 24, 2024, the Court entered the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing the Sale of Acquired Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (III) Authorizing and Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection Therewith, and (IV) Granting Related Relief* [Docket No. 383] (the "Sale Order") approving the sale of substantially all of the Debtors' assets (the "Sale") to NewCo.

14. On November 27, 2024, the Sale to NewCo closed. Following the Sale closing, the Debtors do not have an operating business or any material assets—the Debtors' remaining assets consist primarily of equity in non-debtor subsidiaries (many of which are liquidating in local insolvency proceedings), the proceeds of the Sale, and *de minimis* assets that NewCo did not purchase in the Sale. The Debtors do not currently have any employees—they have or will execute individual consulting agreements for any necessary wind-down services.

**C.    The Plan.**

15. The Debtors are currently in the process of negotiating the terms of a plan of liquidation with various stakeholders in these chapter 11 cases, including the Ad Goc Group and

the Committee. The Debtors' proposed plan, filed contemporaneously herewith, seeks to liquidate and wind-down the Debtors and their estates, including the cessation of the Debtors' retiree benefit plans if not already terminated before the effective date of the plan.

## The Retiree Benefit Plans

**A.     The Cigna Health Plan.**

16.     The Debtors historically provided eligible employees with medical, prescription and dental coverage programs (the "Cigna Health Plan") through Cigna Health and Life Insurance Company ("Cigna"). While the Cigna Health Plan was predominately a plan for active employees, as part of the Cigna Health Plan, fourteen retired employees (the "Pre-65 Retirees") also receive certain retiree medical benefits (the "Pre-65 Plan").

17.     As mentioned above, the Debtors do not have any remaining employees. As a consequence, Cigna will not continue to administer the Cigna Health Plan. Practically speaking, this requires the Debtors to either find an alternate administrator and benefits network or terminate the associated ERISA benefits plan, which includes the Pre-65 Plan.

18.     The Debtors have been unable to find an alternative health plan administrator under the circumstances. As a consequence, on December 31, 2024, the Cigna Health Plan expired and the Debtors terminated the associated ERISA plan concurrently therewith.[3] As a result, there will not be additional funding to the Pre-65 Plan.

**B.     The Hartford Life Insurance Policy.**

19.     The Debtors also provide life insurance for certain retired Tupperware employees through Hartford Life and Accident Insurance Company (the "Hartford Life Insurance Policy").

---

[3]     The Pre-65 Plan is part of the same ERISA plan as the active plan and cannot be separated and maintained separately.

Approximately 557 employees were insured under the Hartford Life Insurance Policy. As of December 31, 2024, the Debtors do not have any active employees and, similar to the Cigna Health Plan, life insurance coverage for all employees terminated on December 31, 2024.

**C.    The Retired Employees Benefit Plan.**

20.    The Debtors also maintain a self-funded health reimbursement arrangement plan (the "Over-65 Retiree Benefit Plan") for retired employees over the age of 65. There are approximately 250 retired employees participating in the Over-65 Retiree Benefit Plan (the "Over-65 Retirees"). Specifically, the Over-65 Retirees receive monthly funding of a health reimbursement account under the Over-65 Retiree Benefit Plan. The Debtors presently intend to modify or terminate the Over-65 Retiree Benefit Plan in connection with their plan process.

21.    For the reasons set forth herein, the Debtors believe that it may be necessary to appoint a retiree committee in this case to meet the requirements of section 1114 of the Bankruptcy Code.

**Basis for Relief**

22.    Section 1114 of the Bankruptcy Code requires that debtors "timely pay and . . . not modify any retiree benefits." 11 U.S.C. § 1114(e)(1). "Retiree benefits" include payments to retired employees and their spouses and dependents for:

> medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, or death under any plan, fund, or program (through the purchase of insurance or otherwise) maintained or established in whole or in part by the debtor prior to filing a petition commencing a case under this title.

*Id*. § 1114(a).

23.    Chapter 11 debtors must continue to pay retiree benefits "unless . . . the . . . debtor in possession and an authorized representative of the retirees agree to a proposed modification or, absent such agreement, . . . the debtor in possession convinces the court that a proposed

6

modification is necessary to permit the debtor's reorganization and is equitable." *In re Arclin U.S. Holdings*, 416 B.R. 117, 120 (Bankr. D. Del. 2009) (quoting *In re Farmland Ind., Inc.*, 294 B.R. 903, 919 (Bankr. W.D. Mo. 2003)). "Congress drafted § 1114 to insure that debtors did not seek to effect reorganizations 'on the back of retirees' for the benefit of other parties in interest." *In re Ionosphere Clubs, Inc.*, 134 B.R. 515, 523 (Bankr. S.D.N.Y. 1991). Here, this is not a concern. The Debtors have extremely limited liquidity, are operating on a shoestring budget, no longer have an operating business, no longer have any employees, and are planning to liquidate their estates and, as a consequence, simply cannot provide retiree benefits consistent with the programs previously provided.

24. Section 1114 of the Bankruptcy Code provides the process for negotiating or otherwise seeking modification or termination of the payment of retiree benefits. 11 U.S.C. § 1114(f), (g). The first step in that process requires that the Debtors "make a proposal to the authorized representative of the retirees," including the Debtors' proposed modifications or the terms on which the Debtors propose to terminate retiree benefits. *Id.* § 1114(f)(1)(A).

25. For retirees "receiving any retiree benefits not covered by a collective bargaining agreement," the "court, upon a motion by any party in interest, and after notice and a hearing, shall order the appointment of a committee of retired employees if the debtor seeks to modify or not pay the retiree benefits or if the court otherwise determines that it is appropriate, to serve as the authorized representative. *Id.* § 1114(d). The U.S. Trustee is tasked with appointing such committee of retired employees. *Id.*

26. The Debtors believe that, to the extent necessary in a liquidation scenario, prompt appointment of a retiree committee will be necessary to ensure that the process contemplated under section 1114 proceeds expeditiously, fairly, and in a manner that ensures the Debtors can seek

confirmation of a chapter 11 plan on the timeline necessary to complete an orderly wind-down of their business. In light of the Debtors' liquidity and ongoing liquidation, the retiree committee's role (if a committee is formed) should be limited in scope. The termination of the plan is unavoidable, and the feasibility of the Debtors' liquidating plan will be in peril if the retiree committee and its professionals incur significant fees and expenses.

27. If the Court appoints a retiree committee, the Debtors will work with the U.S. Trustee to establish appropriate procedures for promptly contacting retirees and identifying candidates to serve on the retiree committee. Those procedures will include the U.S. Trustee filing a notice of the appointment of a retiree committee (the "<u>Appointment Notice</u>") on the Court's docket.

## **Reservation of Rights**

28. Nothing contained in this motion or any order granting the relief requested in this motion, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a) authority to assume, reject, terminate, or modify any plan or agreement providing for retiree benefits (as defined in section 1114 of the Bankruptcy Code), or as a request for authority to do the same; or (b) an admission as to the validity, priority, or character of any claim for any retiree benefits or whether any retiree benefits are considered "vested" or "unvested" under the terms of the applicable plan or agreement, or a waiver or other limitation on the Debtors' or any other party in interest's ability to contest the same on any ground permitted by bankruptcy or applicable nonbankruptcy law.

## **Notice**

29. The Debtors will provide notice of this motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the Committee; (c) the Ad Hoc Group; (d) the

Revolving/Term Loan Agent; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: January 14, 2025<br>Wilmington, Delaware | */s/ Patrick J. Reilley*<br>Patrick J. Reilley (No. 4451)<br>Stacy L. Newman (No. 5044)<br>Michael E. Fitzpatrick (No. 6797)<br>**COLE SCHOTZ P.C.**<br>500 Delaware Avenue, Suite 1410<br>Wilmington, Delaware 19801<br>Telephone:   (302) 652-3131<br>Facsimile:    (302) 652-3117<br>Email:           preilley@coleschotz.com<br>                     snewman@coleschotz.com<br>                     mfitzpatrick@coleschotz.com<br><br>-and-<br><br>Anup Sathy, P.C. (admitted *pro hac vice*)<br>Spencer A. Winters, P.C. (admitted *pro hac vice*)<br>Jeffrey T. Michalik (admitted *pro hac vice*)<br>Gabriela Z. Hensley (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>333 West Wolf Point Plaza<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:           anup.sathy@kirkland.com<br>                     spencer.winters@kirkland.com<br>                     jeff.michalik@kirkland.com<br>                     gabriela.hensley@kirkland.com<br><br>*Co-Counsel for the Debtors and Debtors in Possession* |