# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TUPPERWARE BRANDS CORPORATION, *et al.*,[1] | Case No. 24-12156 (BLS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 470, 471, 472 |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF PARTY PRODUCTS LLC TO THE DISCLOSURE STATEMENT RELATING TO THE JOINT CHAPTER 11 PLAN OF LIQUIDATION OF TUPPERWARE BRANDS CORPORATION AND ITS DEBTOR SUBSIDIARIES

Party Products LLC ("NewCo"),[2] and the Ad Hoc Group of Secured Lenders (the "Ad Hoc Group")[3], by and through its undersigned counsel, hereby submits this limited objection and reservation of rights (the "Limited Objection") to the *Disclosure Statement Relating to the Joint Chapter 11 Plan of Liquidation of Tupperware Brands Corporation and its Debtor Subsidiaries* [Dkt. No. 471] (the "Disclosure Statement"), and in support hereof, the Ad Hoc Group respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tupperware Brands Corporation (2333); Dart Industries Inc. (5570); Deerfield Land Corporation (0323); Premiere Products, Inc. (4064); Tupperware Home Parties LLC (1671); Tupperware International Holdings Corporation (8983); Tupperware Products, Inc. (8796); Tupperware U.S., Inc. (2010); and Tupperware Brands Latin America Holdings, L.L.C. (0264). The location of the Debtors' service address in these chapter 11 cases is: 14901 S Orange Blossom Trail, Orlando, FL 32837.

[2] NewCo is the buyer of substantially all of the Debtor's assets pursuant to the APA, as defined herein, approved by the Sale Order, as defined herein.

[3] The members of the Ad Hoc Group are listed in the *Verified Statement of the Ad Hoc Group of Secured Lenders Pursuant to Bankruptcy Rule 2019* [Docket No. 46]. The members of the Ad Hoc Group hold, in the aggregate, approximately $472.85 million, or 58%, of the approximately $817 million principal amount outstanding under the Revolving/Term Loan Credit Agreement. The debt thereunder is secured by a first lien on substantially all the Debtors' assets, including cash collateral, other than certain specified inventory on which the Revolving/Term Loan Secured Lenders have a second lien. The members of the Ad Hoc Group also hold, in the aggregate, $8 million in principal amount of loans outstanding under the Bridge Loan Credit Agreement (together with the Revolving/Term Loan Credit Agreement, the "Credit Agreements"), which is secured by a first lien on certain inventory, and the proceeds, products, and offspring thereof.

**RELEVANT BACKGROUND**

1. On November 27, 2024, NewCo purchased substantially all of the Debtors' assets pursuant to the Asset Purchase Agreement (the "APA"), which was approved by this court on November 24, 2024 under the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing the Sale of the Acquired Assets Free and Clear of all Liens, Claims, Encumbrances and Other Interests, (III) Authorizing and Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection Therewith, and (IV) Granting Related Relief* (the "Sale Order") [Dkt. No. 383].

2. The sale closed on November 27, 2024. Since then, the Debtors and NewCo have been working expeditiously on a number of post-closing issues. Despite the progress made to date, there are several open items that remain unresolved. These include certain open matters related to foreign subsidiary corporate formalities and filings, foreign subsidiary tax and stamp duty matters, and the transfer of certain intellectual property.

3. On January 14, 2025, the Debtors filed their proposed *Joint Chapter 11 Plan of Liquidation of Tupperware Brands Corporation and its Debtor Subsidiaries* (the "Chapter 11 Plan") [Dkt. No. 470] and the corresponding Disclosure Statement. In the weeks both leading up to and following this filing, NewCo and the Debtors have worked collaboratively on making certain modifications to the Chapter 11 Plan to ensure that it contains language acceptable to each party and is in compliance with the requirements of the APA.

4. Despite this progress, NewCo has identified certain issues regarding the adequacy of the Chapter 11 Plan and Disclosure Statement in their current form. In light of the deadline to object to final approval of the Disclosure Statement, NewCo hereby reserves its right to object to confirmation of the Chapter 11 Plan and final approval of the Disclosure Statement.

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**

5. <u>First</u>, it appears that the proposed Chapter 11 Plan is neither confirmable nor susceptible of consummation. The Liquidation Analysis filed on January 29, 2025 [Dkt. No. 509] shows that cash on hand and assets available for distribution are unlikely to be sufficient to provide payment in full of administrative expense claims. While the Liquidation Analysis makes this clear, the proposed Disclosure Statement does not explain this point in plain terms as required by Section 1125 and caselaw thereunder and therefore fails to contain "adequate information." As conceded by the Debtors in their motion to approve the disclosure statement, caselaw in this Circuit and elsewhere requires a proposed disclosure statement to provide to creditors adequate information so they can make an informed decision as to whether to vote to accept o reject the plan.

6. This situation is even more serious than is described in the Liquidation Analysis. Just last week NewCo learned that the Debtors were not paying post-petition rent under the lease for their Orlando, FL headquarters. That alone adds in excess of a $1,000,000 to the pool of administrative expenses to be asserted.

7. In addition, nowhere do the Chapter 11 Plan or the Disclosure Statement make reference to the $2 million that are required to be contributed to the Liquidation Trust as agreed in the Term Sheet attached as Exhibit D to the order approving bidding procedures [Dkt. No. 243]. The Buyer and the AHG question the wisdom of spending precious estate resources on a confirmation process for a plan that is not likely to be implemented.

8. <u>Second</u>, NewCo objects to the Chapter 11 Plan to the extent that its Releases by the Releasing Parties,[4] Injunction, and Exculpation provisions do not carve out claims that NewCo may have pursuant to the APA. Certain post-petition items that are required to occur pursuant to the APA have not yet occurred, and therefore need to remain actionable following the effective

---

[4] Capitalized terms not herein defined shall have the meanings ascribed to them in the Chapter 11 Plan.

3

date of the Chapter 11 Plan. The Chapter 11 Plan must therefore clarify that claims with respect of obligations or liabilities under the Sale Transaction (as defined in the APA) are not subject to injunction or exculpation, nor are they released by NewCo.

9. <u>Third</u>, the Chapter 11 Plan must clarify that the Liquidating Trust shall acquire and perform all obligations and liabilities of the Debtors under the APA. The Liquidating Trust must be tasked with taking all actions required to facilitate the completion of all post-closing tasks and actions in connection with the APA.

10. <u>Lastly</u>, the Chapter 11 Plan contemplates that distributions made pursuant to the plan are to be made with cash on hand and all other Liquidating Trust Assets subject to the Professional Fee Reserve provisions. *See* Chapter 11 Plan Art. IV(A). This is not in line with the carve-out that was agreed to by the Ad Hoc Group and approved by this court in the Cash Collateral Order.[5] The Cash Collateral Order provides for a carve-out form the Lenders' (defined as Lenders under the Credit Agreements) collateral for professionals' fees. *See* Cash Collateral Order ¶ 7 (Carve-Out Provision). The Lenders, however, did not agree to any other carve out. As a result, the Liquidation Trust Assets that are subject to lien of the Lenders prior to their contribution to the Liquidation Trust may not be used to pay any claims other than Professional Fees and the Buyer's administrative expenses, if any. As such, the Chapter 11 Plan must clarify that Liquidating Trust Assets shall be used to fund distributions only for Professional Fees, the Buyer's administrative expenses (if any) and to Classes Three and Four Claims.

11. NewCo reserves all rights with respect to the Disclosure Statement and the Chapter 11 Plan and with respect to any amendment, supplement, or other modification to either of the

---

[5] *Final Order (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* (the "<u>Cash Collateral Order</u>") [Dkt No. 384].

foregoing, including, without limitation, the right to object to final approval of the Disclosure Statement or confirmation of the Plan on any grounds.

Dated: January 30, 2025

/s/ S. Alexander Faris
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Robert S. Brady (No. 2847)
Robert F. Poppiti, Jr. (No. 5052)
S. Alexander Faris (No. 6278)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
rbrady@ycst.com
rpoppiti@ycst.com
afaris@ycst.com

-and-

**DECHERT LLP**
Allan S. Brilliant (admitted *pro hac vice*)
Shmuel Vasser (admitted *pro hac vice*)
1095 Avenue of the Americas
New York, NY 10036-6797
Tel: (212) 698-3500
Fax: (212) 698-3599
allan.brilliant@dechert.com
shmuel.vasser@dechert.com

*Counsel to Party Products LLC*