**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re*<br><br>TUPPERWARE BRANDS CORPORATION, *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 24-12156 (BLS)<br>(Jointly Administered)<br><br>Hearing Date: October 29, 2024 at 1:30 p.m.<br><br>Objection Deadline: October 28, 2024 at 4:00 p.m.<br><br>Re: D.I. 473 & 506 |

**UNITED STATES TRUSTEE'S RESPONSE REGARDING RETIRED EMPLOYEE COMMITTEE MOTION AND OBJECTION**

Andrew R. Vara, the United States Trustee for Regions Three and Nine (the "U.S. Trustee"), through his undersigned counsel, files this Response (the "Response") to the *Motion of Debtors for Entry of An Order (I) Directing the United States Trustee to Appoint a Committee of Retired Employees of Tupperware Brands Corporation and (II) Granted Related Relief* [Dkt. No. 473] (the "Motion") [D.I. 473], and respectfully states:

### I.     PRELIMINARY STATEMENT

1. The Debtors have sought approval of the Court for the appointment of a Committee of Retired Employees to comply with section 1114 of the Bankruptcy Code, as benefits to those retired employees are anticipated to be modified or terminated. The Ad Hoc Group of Secured

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tupperware Brands Corporation (2333); Dart Industries Inc. (5570); Deerfield Land Corporation (0323); Premiere Products, Inc. (4064); Tupperware Home Parties LLC (1671); Tupperware International Holdings Corporation (8983); Tupperware Products AG (6765); Tupperware Products, Inc. (8796); Tupperware U.S., Inc. (2010); and Tupperware Brands Latin America Holdings, L.L.C. (0264). The location of the Debtors' service address in these chapter 11 cases is: 14901 S Orange Blossom Trail, Orlando, FL 32837.

Lenders has objected to that request (the "Objection"), arguing among other things, that such appointment is unnecessary due to the facts and circumstances of these cases.

2. Section 1114's statutory language requires the appointment of a Retired Employees Committee, stating, "The court, upon a motion by any party in interest, and after notice and a hearing, **shall** order the appointment of a committee of retired employees, if the debtor seeks to modify or not pay the retiree benefits . . . ." 11 U.S.C. § 1114(d) (emphasis added).

## II.     JURISDICTION AND STANDING

4. Pursuant to (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine issues relating to this Response.

5. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

6. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion, Objection, and this Response. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

### III.    FACTUAL BACKGROUND

**General Case Background**

7. On September 17, 2024, the Debtors filed voluntary chapter 11 petitions in this Court.

8. The Debtors continue to operate their business(es) as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

9. The U.S. Trustee appointed an official committee of unsecured creditors on September 30, 2024 (the "Committee"). [D.I. 106].

10. The Debtors filed the Motion on January 14, 2025. [D.I. 473]. In the Motion, the Debtors state "it is unavoidable that the remaining [health-related reimbursement retiree] program will be terminated, whether inside or outside of chapter 11." Motion ¶¶ 2-3. The Debtors are seeking confirmation of a liquidating plan that will include the cessation of the Debtors' retiree benefit plans. *Id.* ¶ 15.

11. The Ad Hoc Group of Secured Lenders have objected to the Motion. [D.I. 506] (filed January 28, 2025). The Objection seeks denial of the Motion, arguing that the factual circumstances here are not ones where the Debtors are "seeking to reorganize 'on the back of retirees'" and is therefore unnecessary when evaluated with the benefit to the estate appointing such a committee might have. Objection ¶¶ 5-8.

**Statutory Provisions and Relevant Applicable Law**

12. Section 1114(d), the predicate for the Motion, provides:

> The court, upon a motion by any party in interest, and after notice and a hearing, shall order the appointment of a committee of retired employees if the debtor seeks to modify or not pay the retiree benefits or if the court otherwise determines that it is appropriate, to serve as the authorized representative, under this section, of those persons receiving any retiree benefits not covered by a collective

3

bargaining agreement. The United States trustee shall appoint any such committee.

*See also* Objection ¶ 25 (quoting excerpt of the same).

13.     The operative word at issue between the Motion and the Objection is "shall." *In re FTX Trading Ltd.*, 91 F.4th 148 (3d Cir. 2024) provides analysis of "shall" in section 1104(c). 91 F4th 153-55. The Third Circuit has held that "[o]ur interpretation of the Bankruptcy Code starts 'where all such inquiries must begin: with the language of the statute itself.'" *In re FTX Trading Ltd.*, 91 F.4th 148, 153 (3d Cir. 2024) (quoting *Ransom v. FIA Card Servs., N.A.*, 562 U.S. 61, 69 (2011); *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989)). "The meaning of the word 'shall' is not ambiguous." *Id.* at 153.  Shall is a "word of command." *Id.* (citing *Black's Law Dictionary* (5th ed. 1979)).  The Third Circuit interprets shall as "must." *Id.*  The Court is bound to follow the statute's directive "regardless of whether it agrees with the result." *Id.*  That concept is even more apt when evaluating the Objection.

14.     The Debtors concede they are modifying or terminating the remaining retiree benefit.  Motion ¶¶ 2,3, & 15.  The Ad Hoc Group of Secured Lenders are not proposing to fund the remaining obligation to prevent it from being modified or terminated, but instead assert that there are insufficient funds available to address this issue.  However, section 1114(d)'s plain language requires that the Court direct the appointment of the committee of retired persons, as a party in interest – the Debtors –  have moved for such relief and established that benefits will be modified or terminated.

15.     The Third Circuit's construction of shall in *In re FTX Ltd.*, informs its use elsewhere in the statute, and *In re Visteon Corp*, 612 F.3d 210 (3d Cir. 2010), cited in the Objection, makes plain this requirement as well.  "[D]isregarding the text of that statute is

4

tantamount to a judicial repeal of the very protections Congress intended to afford in these circumstances. We must, therefore, give effect to the statute as written." 612 F.3d at 219.

16. The U.S. Trustee leaves the Debtors to their burden of proof and reserves any and all rights, remedies and obligations to, *inter alia*, (i) complement, supplement, augment, alter and/or modify this Response; (ii) file an appropriate Motion; (iii) conduct any and all discovery as may be deemed necessary or as may be required; and (iv) assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE, the U.S. Trustee respectfully requests that the Court (i) grant the Motion, (ii) overrule the Objection, and (iii) grant any such other and further relief that the Court deems just and proper.

Respectfully Submitted,

**ANDREW R. VARA,**
**ACTING UNITED STATES TRUSTEE**
**REGIONS 3 AND 9**

Dated: January 31, 2025

By: */s/ Timothy J. Fox*
Timothy J. Fox, Jr. (DE Bar No. 6737)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 N. King Street, Room 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
Timothy.Fox@usdoj.gov