**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| TUPPERWARE BRANDS ) | Case No. 24-12156 (BLS) |
| CORPORATION, *et al.*,[1] ) | |
| ) | **Hearing Date: TBD** |
| Debtors. ) | **Obj. Deadline: TBD** |
| ) | |

**APPLICATION OF WORKDAY, INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(1)**

Workday, Inc. ("**Workday**") moves this Court for the entry of an order under 11 U.S.C. § 503(b)(1)(A) allowing and directing payment to Workday of an administrative expense claim in the amount of $251,603.75 (the "**Administrative Expense Claim**") for postpetition services provided to the above-captioned Debtors.

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested in this application is 11 U.S.C. § 503(b)(1)(A).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tupperware Brands Corporation (2333); Dart Industries Inc. (5570); Deerfield Land Corporation (0323); Premiere Products, Inc. (4064); Tupperware Home Parties LLC (1671); Tupperware International Holdings Corporation (8983); Tupperware Products, Inc. (8796); Tupperware U.S., Inc. (2010); and Tupperware Brands Latin America Holdings, L.L.C. (0264). The location of the Debtors' service address in these chapter 11 cases is: 51 E. Jefferson Street, P.O. Box 2353, Orlando, FL 32801.

182590233.2

## BACKGROUND

4. Dart Industries Inc. ("**Debtor**") executed a *Master Services Agreement* (as amended, "**MSA**") with Workday to use payroll, human resource, and other cloud-based enterprise management services provided by Workday. Since entering the MSA, the Debtor has executed Order Form #00415779.0 ("**Order Form**").[2] The Order Form, among other things, added new service applications, extended the terms of use of service applications, and established payment and invoicing schedules for the services to be performed pursuant to the MSA. The MSA and the Order Form, collectively, constitute the "**Workday Contract**."[3]

5. On September 17, 2024 ("**Petition Date**"), the Debtor filed its voluntary petition for bankruptcy under chapter 11 of the United States Code ("**Bankruptcy Code**").

6. After the Petition Date, the Debtor has continued to operate and manage its businesses as debtor-in-possession under Bankruptcy Code §§ 1107(a) and 1108.

7. Under the *Joint Chapter 11 Plan of Liquidation of Tupperware Brands Corporation and Its Debtor Subsidiaries* [Doc 684], the Workday Contract is deemed automatically rejected as of the effective date of the Debtor's bankruptcy plan.

8. On June 10, 2025, the Debtor filed the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Doc 741], resulting in the rejection of the Workday Contract effective June 10, 2025 ("**Rejection Date**").

---

[2] The term "Order Forms" is defined in the MSA to mean "the separate ordering documents under which Customer subscribes to the Workday Service pursuant to the Agreement that has been fully executed by the parties," and the MSA includes all fully executed order forms.

[3] The MSA and the Order Forms have been omitted to protect proprietary pricing information from disclosure, but both can be made available for review upon reasonable request to Workday's counsel.

9.      Under the Order Form, Workday issued invoice number WD-368668, in the amount of $608,183.00, attached as **Exhibit A**. The service period covered by this invoice is January 11, 2025, through January 10, 2026, with a daily rate of $1,666.25 ($608,183.00 divided by 365 days).

10.     This invoice has gone unpaid. Despite the nonpayment, Workday has continued to provide its cloud-based enterprise management services to the Debtor in accordance with the Workday Contract.

11.     Under the Workday Contract, Workday issues invoices prospectively for future services. Here, invoice number WD-368668 is a postpetition invoice and thus related to postpetition services. The Debtor is obligated to pay a prorated portion of this invoice on account of postpetition services provided to the Debtor between January 11, 2025 and the Rejection Date (June 10, 2025). Accordingly, the prorated portion of invoice number WD-368668 from January 11, 2025 through the Rejection Date is equal to $251,603.75 ($1,666.25 x 151 days) (the "**Administrative Expense Claim**").

## BASIS FOR CLAIM

12.     Administrative expenses are "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). To qualify as an administrative expense claim, the "claimant must typically show there was a [postpetition] transaction between the claimant and the estate and the expenses yielded a benefit to the estate." *Ellis v. Westinghouse Elec. Co., LLC*, 11 F.4th 221, 230 (3rd Cir. 2021) (internal quotation marks and citation omitted). Courts apply a two-part test to determine whether a creditor has an administrative claim. First, the claimant must show that either the debtor-in-possession incurred the transaction on which the claim is based, or that the claimant furnished the consideration to the debtor-in-possession. *In re Harnischfeger Indus., Inc.*, 293 B.R. 650, 659 (Bankr. D. Del. 2003) (internal quotation marks and citation

omitted). Second, the claimant must show that the transaction resulted in a direct benefit to the debtor-in-possession. *Id.*

13. A debtor must pay the reasonable value of the services rendered under a postpetition executory agreement pending assumption or rejection of that agreement. *In re Smurfit-Stone Container Corp.*, 425 B.R. 735, 741 (Bankr. D. Del. 2010). And, when an agreement exists, the court will presume that the rate under the agreement is the reasonable value of the services provided to a debtor's bankruptcy estate. *Id.*

14. Here, the Administrative Expense Claim satisfies both parts of the test for administrative expense status. The first part of the test is satisfied because Workday has furnished consideration to the Debtor by continuing to provide services under the Workday Contract to the Debtor postpetition.

15. The second part of the test is satisfied because the services provided by Workday have resulted in a direct benefit to the Debtor. Workday's services have allowed the Debtor to, among other things, manage its payroll, benefits, and HR services while the Debtor has navigated a reorganization of its operations. Access to Workday's platform has permitted the Debtor to continue its postpetition operations without interruption. Thus, Workday's services provided a direct benefit to the Debtor.

16. As courts "presume that the rate under the agreement is the reasonable value of the services provided to a debtor's bankruptcy estate," the Workday Contract dictates the value of the postpetition services that Workday provided to the Debtor. As stated above, the daily rate under the contract for Workday's services under invoice number WD-368668 is $1,666.25. Accordingly, for the post-petition period of January 11, 2025 to the Rejection Date (June 10, 2025), Workday is entitled to an administrative expense claim in the amount of $251,603.75 ($1,666.25 x 151 days).

17. The Debtor has not made any payments to Workday for the postpetition services Workday has provided and continues to provide.

18. Based on these facts and circumstances, Workday submits that the services it has provided constitute administrative expenses that should receive priority under 11 U.S.C. § 507(a)(2).

## RESERVATION OF RIGHTS

19. Notwithstanding the foregoing, Workday expressly reserves (and hereby expressly does not waive) all rights, claims and counterclaims, defenses, interests, actions and/or other remedies including, without limitation, the right to amend, modify and/or supplement (A) any proof of claim already filed by Workday and/or any other claim that it may file in the future, (B) the administrative expense claim asserted herein and/or any further administrative expenses as may be asserted hereinafter, (C) a judicial determination of the amount(s) due and owing with regard to such claims and/or administrative claims, (D) this administrative expense claim in response to any submission by any party-in-interest including, without limitation, any objection to this Application or an amendment to it, and (E) the right to adopt any other pleadings filed by any other party related to this administrative expense claim, and any other claims or applications as may be filed hereinafter.

For the reasons stated herein, Workday respectfully requests that the Court enter an order, substantially in the form attached hereto, (a) granting Workday a chapter 11 administrative expense claim for $251,603.75 and (b) granting Workday such other and further relief the Court deems just and proper.

| | |
|---|---|
| Dated: July 9, 2025 | **PERKINS COIE LLP** |
| | */s/ Bradley A. Cosman* |
| | Bradley A. Cosman, Esq<br>2525 E. Camelback Road<br>Suite 500<br>Phoenix, Arizona 85016<br>Telephone: (602) 351-8205<br>Email: bcosman@perkinscoie.com |
| | *Attorneys for Workday, Inc.* |

- 6 -

182590233.2

**Exhibit A**



# INVOICE

**Workday, Inc.**
6110 Stoneridge Mall Road
Pleasanton, CA 94588
United States of America
Federal Tax ID:
Tel: +1 (925) 951-9522

| | |
|---|---|
| **Invoice Number:** | **WD-368668** |
| Invoice Date: | December 12, 2024 |
| Due Date: | January 11, 2025 |
| Terms: | N30 Receipt of Invoice |
| **Amount Due:** | **USD 608,183.00** |

Bill To:
**Dart Industries Inc.**
14901 South Orange Blossom Tr.
Orlando, FL 32837
United States of America

Ship To:
**Dart Industries Inc.**
14901 South Orange Blossom Tr.
Orlando, FL 32837
United States of America

Memo: Order Form 415779  payment 2 of 3

| Item Description | Invoice Line Memo | Amount |
|---|---|---|
| Workday Enterprise Cloud Application Subscription Fee | | 608,183.00 |
| | Net Amount | 608,183.00 |
| | Tax: | 0.00 |
| | **Total** | **USD 608,183.00** |

**PO Number:**

**Please Remit Payments To:**

| Via Electronic Funds Transfer (preferred): | Via Mail: |
|---|---|
|  | WORKDAY, INC.<br>P.O. Box 886106<br>Los Angeles, CA 90088-6106 |

Please direct all remittance details and inquiries to accounts.receivable@workday.com

Page 1   of   1